IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LIMMIE R. WALLS ) | |
| ) | |
| v. ) | No. 3:08-0823 |
| ) | Judge Nixon/Bryant |
| SOCIAL SECURITY ADMINISTRATION ) | |

To: The Honorable John T. Nixon, Senior Judge

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Plaintiff, a former recipient of Social Security disability insurance benefits who is currently proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 405(g), for judicial review of the Social Security Administration's ("SSA") decision to terminate his benefits as of November 2004. (Docket Entry No. 1) On October 30, 2008, defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction (Docket Entry No. 9), claiming that plaintiff failed to exhaust his administrative remedies. Plaintiff has not responded to this motion.

### II. PROCEEDINGS BELOW

The following history is evident from the declaration and other materials supporting defendant's motion (Docket Entry No. 11).

Based on plaintiff's application for disability insurance benefits on October 9, 1984, an initial determination was made on December 17, 1985, finding the plaintiff to be

1

under a disability that began on July 23, 1984. (Docket Entry No. 11, Ex. 1)

Twenty years after the onset of disability, on June 10, 2004, plaintiff was notified by the SSA that a full review of his disability status would be conducted, and that additional information from plaintiff and his health care providers would be required; the notice further stated that plaintiff's failure to respond to this request for information could result in the cessation of his benefits. Id. at Ex. 2. On November 24, 2004, plaintiff was notified that his disability was found to have ceased in November 2004, due to his failure to cooperate with the continuing disability review process. Id. at Ex. 3. On December 8, 2004, plaintiff requested reconsideration of the determination that his disability had ceased, indicating his desire to appear at any hearing on the issue. Id. at Ex. 4. On August 2, 2005, plaintiff was notified that the cessation was upheld by decision of a hearing officer dated July 29, 2005; the hearing decision noted plaintiff's failure to appear at or explain his absence from the scheduled hearing, his refusal to attend any scheduled consultative examination, and his failure to provide needed evidence of his current condition, despite having stated that he would do so. Id. at Ex. 5.

On August 12, 2005, plaintiff filed a "Request for Reconsideration - Disability Cessation," in which he argued that his medical records would show his continued disability, and requested that the agency "[p]lease find that information in my records." Id. at Ex. 6. A mark was made in the field indicating a desire to appear at a disability hearing, though plaintiff also appears to have marked and initialed the field indicating a desire not to appear at a disability hearing, but to have the decision made on the documentary evidence of record. Id. However, in line with its earlier notice that appeal from the initial hearing decision must be in the form of a request for an ALJ hearing, see id. at Ex. 5, defendant

2

posted such a hearing request to the file on August 22, 2005, incorporating plaintiff's reconsideration request of August 12th. Id. at Ex. 6. Also on August 12, 2005, plaintiff had elected to continue to receive benefits during the pendency of his appeal. Id.

Over two years later, on September 17, 2007, plaintiff received delivery of a notice of hearing to be held before an ALJ on October 18, 2007. Id. at Exs. 7, 8. Plaintiff failed to appear for this hearing, and also failed to provide any explanation for his absence. Id. at Ex. 9. The ALJ thus issued a notice to show cause for this failure to appear, advising plaintiff that if he failed to respond in timely, written fashion to this notice, his request for hearing would be dismissed. Id. After receiving no response to this show cause order, the ALJ entered an order dismissing plaintiff's hearing request on November 28, 2007. Id. at Ex. 10. The notice accompanying this order of dismissal advised plaintiff that his only right of appeal was to the SSA's Appeals Council, and that if the Council did not vacate the order of dismissal, the termination of plaintiff's benefits would not be subject to change. Id.

On May 1, 2008, plaintiff filed a request for Appeals Council review of the ALJ's order of dismissal. Id. at Ex. 11. By notice dated June 23, 2008, the Appeals Council denied plaintiff's request for review, without advising of any further right of appeal. Id. at Ex. 12.

Plaintiff thereafter filed this action for judicial review on August 27, 2008. (Docket Entry No. 1)

### III. DISCUSSION

The sequence of events related in the foregoing history is somewhat troubling, at least in terms of the potential for plaintiff to misunderstand what was required of him

3

between the filing of his request for reconsideration (construed as a request for hearing) and the issuance more than two years later of a notice setting a hearing which plaintiff had previously indicated he did not desire, preferring instead to have the case decided on the documentary evidence alone. However, any confusion on plaintiff's part should have been resolved upon receiving the ALJ's show cause order, which plaintiff again failed to comply with, consistent with his apparent failure to cooperate in the fact-gathering process which led directly to the initial determination that his benefits should cease. Once again, before this court, plaintiff has failed to make any response to defendant's jurisdictional motion, thereby indicating that he does not oppose the motion. Local Rule 7.01(b). This lack of opposition, combined with the clarity of the law governing judicial review under 42 U.S.C. § 405(g), leads inescapably to the conclusion that the court lacks subject matter jurisdiction over plaintiff's case.

There are no grounds here to dispute that § 405(g) is the sole avenue for judicial review of the decision in plaintiff's case. (See Docket Entry No. 10 at 3-4) Section 405(g) provides that

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. ...

The very next statutory subsection, § 405(h), precludes jurisdiction under 28 U.S.C. §§ 1331 and 1346 for purposes of attacking the findings or decision of the Commissioner "on any claim arising under this subchapter." Accordingly, unless a plaintiff's allegations implicate constitutional concerns, the plain language of the statute dictates that the district court only

4

has jurisdiction to review a final decision made after a hearing to which the plaintiff was a party. E.g., Suciu v. Barnhart, 405 F.Supp.2d 874, 877-78 (M.D. Tenn. 2005). "The Sixth Circuit has repeatedly held that because a decision to deny a hearing request is itself made without a hearing, that decision does not fall within the purview of 42 U.S.C. § 405(g)..." Id. at 877 (citing, e.g., Hilmes v. Sec'y of Health & Human Servs., 983 F.2d 67, 69 (6th Cir. 1993)).

In this case, plaintiff never attended any hearing on the cessation of his benefits. His failure to show good cause excusing his absence resulted in the ALJ's order dismissing his hearing request which, when not vacated by the Appeals Council, left the hearing officer's determination at the reconsideration stage of review (Docket Entry No. 11, Ex. 5)[1] as the agency's final, binding word on plaintiff's objection to the cessation of his benefits. See 20 C.F.R. §§ 404.957 -.959. In failing to effectively pursue his appeal from this reconsidered determination, plaintiff failed to exhaust the administrative remedies which the SSA prescribed pursuant to the authority given it by Congress. 20 C.F.R. Pt. 404, Subpt. J, § 404.900 et seq.; see also Weinberger v. Salfi, 422 U.S. 749, 765-67 (1975). Consequently, this case lacks the "final decision made after a hearing" required by the statute to enable judicial review, depriving this court of subject matter jurisdiction. Willis v. Sullivan, 931 F.2d 390, 397 (6th Cir. 1991).

## IV. RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that defendant's motion to dismiss plaintiff's complaint be **GRANTED**.

---

[1] See generally 20 C.F.R. §§ 404.913(b), 404.914 -.916.

5

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 24th day of November, 2008.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        UNITED STATES MAGISTRATE JUDGE