IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LIMMIE R. WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:08-cv-0823 |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Bryant |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Commissioner of Social Security's Motion to

Dismiss ("Defendant's Motion") (Doc. No. 9), filed with a supporting memorandum (Doc. No.

10). Plaintiff Limmie R. Walls, proceeding *pro se*, and *in forma pauperis*, did not file a response

to Defendant's Motion. Magistrate Judge Bryant issued a Report and Recommendation

("Report") (Doc. No. 12) recommending that Defendant's Motion be granted. Plaintiff filed

objections (in the form of a document entitled "Report and Recommendation") to the Magistrate

Judge's Report ("Objections.") (Doc. No. 14.)[1] Upon review of the Magistrate Judge's Report

and for the reasons stated below, the Court **ADOPTS** the conclusions of the Report and

**GRANTS** Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff initially applied for disability insurance benefits on October 9, 1984, and was

found disabled on December 17, 1985, with an onset date of July 23, 1984. (Doc. No. 11-1.)

---

[1] Plaintiff tendered the Objections to the Magistrate Judge's Report beyond the ten-day period allowed by 28 U.S.C.
§ 636(b)(1). This Court will nevertheless consider the Objections filed by Plaintiff. *See Estate of Smithers ex rel.
Norris v. City of Flint*, 602 F.3d 758, 761 n.2 (6th Cir. 2010) (noting that district court's decision to consider the
plaintiffs' untimely-filed objections excused their untimely filing, and the plaintiffs did not waive their right to
appellate review).

1

Approximately twenty years later, on June 10, 2004, the Social Security Administration ("SSA") informed Plaintiff that it would be reviewing his disability status. (Doc. No. 11-2.) Plaintiff was notified that he was required to provide information to the SSA, and that his failure to contact the SSA with that information could result in a cessation of his benefits. (*Id.*) On November 24, 2004, the SSA sent Plaintiff a letter informing him that his disability was deemed to have ceased as of November, 2004, because of his failure to cooperate with the review process, and informed Plaintiff that he could appeal this determination. (Doc. No. 11-3.)

Plaintiff appealed this determination with a Request for Reconsideration that was signed by Plaintiff on December 3, 2004, and filed on December 8, 2004, in which Plaintiff indicated his desire to appear at a hearing on this issue. (Doc. No. 11-4.) There is no evidence in the record that Plaintiff ever received notice of such a hearing taking place. However, Plaintiff was notified on August 2, 2005, that a hearing had taken place on July 29, 2005, and that the decision to cease his disability benefits was upheld on that date by the hearing officer. (Doc. No. 11-5.) The hearing officer noted, in the course of upholding the cessation of Plaintiff's benefits, that Plaintiff "did not attend scheduled hearing, call and explain absence, or furnish any additional evidence for review." (*Id.*) Plaintiff was also notified on August 2, 2005, that he had a right to request a hearing before an Administrative Law Judge ("ALJ"). (*Id.*)

On August 12, 2005, Plaintiff filed a "Request for Reconsideration–Disability Cessation" (the same form he had filed on December 8, 2004). (Doc. No. 11-6.) In it, he explained the reasons for his request: "My records will show that under the law of S.S. I met the requirement to keep receiving benefits . . . Please find that information in my records." (*Id.*) The "Request for Reconsideration–Disability Cessation" form has an option for claimants to indicate their desire to appear at a hearing, as well as an option for claimants to waive their appearance (or that of their

2

representatives) and to have the SSA make a decision "based on the evidence in [their] claim." (*Id.*)  On the form filed by Plaintiff on August 12, 2005, a mark appears in the box indicating Plaintiff's desire to appear at a hearing; however, below it, there is a mark and the initials "L.W." in the box indicating Plaintiff's desire to waive his appearance and have the SSA decide his claim based on the record.  (*Id.*)  This form was not the correct form for Plaintiff to use to request a hearing before an ALJ, and on August 22, 2005, Defendant posted an appropriate hearing-request form to Plaintiff's file, incorporating Plaintiff's "Request for Reconsideration–Disability Cessation" of August 12, 2005.  (*Id.*)

On September 17, 2007, Plaintiff received a Notice of Hearing ("Notice"), advising him of the time and place of his hearing.  (Doc. No. 11-7.)  The Notice stated that Plaintiff's hearing was scheduled to be held before an ALJ on October 18, 2007.  (*Id.*)  On September 17, 2007, Plaintiff sent a certified return receipt to the SSA confirming his receipt of the Notice.  (Doc. No. 11-8.)  Plaintiff did not attend his scheduled hearing on October 18, 2007.  Consequently, on October 19, 2007, the SSA sent Plaintiff a Notice to Show Cause for Failure to Appear.  (Doc. No. 11-9.)  The SSA did not receive any response to the Notice to Show Cause for Failure to Appear.  (Doc. No. 11.)  On November 23, 2007, the ALJ handling Plaintiff's case issued an order dismissing Plaintiff's request for a hearing due to Plaintiff's failure to appear at his scheduled hearing.  (Doc. No. 11-10.)  On May 1, 2008, Plaintiff filed a request for the Appeals Council to review the ALJ's order of dismissal.  (Doc. No. 11-11.)  The Appeals Council denied Plaintiff's request for review on June 23, 2008.  (Doc. No. 11-12.)

Plaintiff filed the instant action on August 27, 2008.  (Doc. No. 1.)  On October 30, 2008, Defendant filed a Motion to Dismiss Plaintiff's claim (Doc. No. 9), arguing that the Court may not review the ALJ's dismissal because Plaintiff did not exhaust his administrative remedies.

(*Id.*)  Plaintiff did not file a response to Defendant's Motion.  On November 24, 2008, the Magistrate Judge filed his Report, which recommended that Defendant's Motion be granted because the Court has no jurisdiction to review this matter.  (Doc. No. 12.)

Plaintiff filed his Objections to the Report on January 7, 2009.  (Doc. No. 14.)  Plaintiff states in his Objections that "[he does] not believe that the facts concerning his case have been fairly weighed."  (*Id.*)  Plaintiff also avers that his medical records will show that his condition "is very much the same," and requests that the Court reconsider the Report "based on [his] age" and "[medical] records"—"old and new."  (Doc. No. 14.)  In addition to the Objections, on March 15, 2010, Plaintiff filed a written statement in which he states that his medical records indicate that his impairments have worsened over time.  (Doc. No. 15.)  Plaintiff's March 2010 statement is accompanied by various medical records relating to his medical impairments.  (*Id.*)

## II. STANDARD OF REVIEW

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," Fed.R.Civ.P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition." *Id*.  Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

4

## III. DISCUSSION

Because there is no final decision of the Commissioner from which Plaintiff can appeal, the Court does not have jurisdiction to hear this appeal. The Court has reviewed the Magistrate Judge's Report de novo and has considered all of the parties' filings, the record in this case, and the Objections filed by Plaintiff. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* In the Social Security context, private parties may sue the United States Government pursuant to 42 US.C. § 405(g). *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976). Section 405(g) states in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Furthermore, Section 405(h) limits judicial review to Section 405(g):

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(h). A claimant, therefore, must have obtained a "final decision…made after a hearing" in order to obtain judicial review of a decision of the Commissioner. 42 U.S.C. § 405(g).

Under the SSA's regulations, a final decision is one rendered after a claimant has completed the four-step administrative review process. *See* 20 C.F.R. § 404.900(a). "[T]he

5

general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts" is well-established. *See McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). Exhaustion requires a Social Security claimant to proceed through all stages of the administrative appeals process. The Code of Federal Regulations delineates the four-step process by which Social Security claimants exhaust their administrative remedies. A claimant seeking benefits first receives an initial determination on the claim. 20 C.F.R. § 404.902. A dissatisfied claimant may then seek reconsideration of the initial determination. 20 C.F.R. § 404.907. A claimant may request a hearing before an ALJ if he or she is still dissatisfied with the outcome of the reconsideration. 20 C.F.R. §§ 404.907, 404.929. Finally, a dissatisfied claimant may seek review of the ALJ's decision by the Appeals Council. 20 C.F.R. § 404.967. The Appeals Council may deny a party's request for review, or it may decide to review a case and make a decision. 20 C.F.R. § 404.981. The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is binding unless the party bound by the decision files an action in Federal district court, or the decision is revised. 20 C.F.R. § 404.981.

Under the SSA's regulations, an ALJ may dismiss a request for a hearing if the claimant was provided notice, but failed to appear at the time and place of the hearing without good cause. 20 C.F.R. § 404.957(b)(1)(i). To provide notice, the SSA mails notice of the hearing to the claimant's last known address at least twenty days before the hearing. 20 C.F.R. § 404.938(a). The claimant must acknowledge having received notice. 20 C.F.R. § 404.938(c).

Here, Plaintiff's request for an administrative hearing—one of the steps in the four-part Social Security administrative process—was dismissed as a result of his failure to both appear at his scheduled hearing and provide good cause for his absence. Consequently, no hearing was conducted and no final decision was issued. The Court has jurisdiction to review "any final

6

decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Because no final decision was rendered, the Court lacks jurisdiction over this matter.

The exhaustion requirement, however, may be waived if a plaintiff's claim is collateral to his claim for benefits and the harm imposed by exhaustion would be irreparable. *See Bowen v. City of New York,* 476 U.S. 467, 483 (1986)). Colorable claims for constitutional violations may confer jurisdiction on the Federal courts despite the lack of a final decision. *See Califano v. Sanders*, 430 U.S. 99, 108-09 (1977). Here, Plaintiff has not made any claims implicating constitutional violations that would justify waiving the exhaustion requirement. In fact, Plaintiff did not even respond to Defendant's Motion.

Nowhere in his filings does Plaintiff allege that he has received a final decision that would support a finding that the Court has jurisdiction over this action. Instead, Plaintiff asserts that the facts of his case have not been fairly weighed and asks the Court to reconsider the findings below on the basis of his age and medical records. (Doc. 14.) Plaintiff has provided the Court with medical records and claimed that his medical conditions have not changed— presumably in the hope that upon review of those records, the Court would find him disabled. In doing so, Plaintiff seems to expect that the Court will reach the merits of his case, and make a determination as to his eligibility for benefits. As explained earlier, the Court may only review final decisions rendered by the Commissioner of Social Security. *See* 42 U.S.C. § 405(g). It is undisputed in this case that there was no final decision from which the Plaintiff might appeal. The Court does not, therefore, have jurisdiction to hear his appeal.

The Court understands that Plaintiff's ultimate goal is to obtain another hearing on the issue of his disability so that he may receive benefits again. To the extent Plaintiff's Complaint is directed at compelling the Court to grant Plaintiff another hearing pursuant to the Court's

7

review of his medical records and consideration of his age (Doc. No. 1), the Complaint is now moot because the SSA has already dismissed the request—and had done so by the time Plaintiff commenced this action. We note, however, that Plaintiff may still reapply for benefits, provided he remains disabled and meets the SSA's asset requirements.

Under these circumstances, Plaintiff is not entitled to relief in this Court and his Complaint must be dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

For these reasons, this Court finds that Magistrate Judge Bryant's Report is well-founded and supported by the record, and therefore **ADOPTS** it in its entirety. Defendant's Motion to Dismiss for lack of subject-matter jurisdiction is **GRANTED** and Plaintiff's Complaint is **DISMISSED.**

It is so ORDERED.

Entered this the ____28th_____ day of September, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

8